IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTONIO MCCLADDIE EL,**          CASE NO. 1:24 CV 00189

    Plaintiff,

    v.          JUDGE CHARLES E. FLEMING

**UNITED AIRLINES, INC., et al.,**

         **ORDER OF TRANSFER**

    Defendants.

Before the Court is the motion of Defendants United Airlines, Inc. (United) and Scott Kirby (Kirby) to dismiss or, in the alternative, to transfer venue (Motion). (ECF No. 3). The Motion seeks dismissal under Fed. R. Civ. P. 12(b)(2) due to the Court's lack of personal jurisdiction over either Defendant United Airlines or Defendant Scott Kirby. (*Id.* at PageID #138–46). The Motion also asks this Court to dismiss the Complaint based upon Plaintiff's request to proceed *in forma pauperis* and the Complaint's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). (*Id.* at PageID #149–50). Finally, the Motion alternatively asks the Court to transfer this case, under 28 U.S.C. §1404(a), to the United States District Court for the Northern District of Illinois, where several other similar cases are pending against these Defendants. (*Id.* at PageID #147–49). Plaintiff opposed both dismissal and transfer of this case. (ECF No. 5). Plaintiff filed a Reply Brief in support of its Motion. (ECF No. 6). For the following reasons, this matter is transferred to the United States District Court for the Northern District of Illinois for further proceedings.

1

### I. FACTUAL BACKGROUND

*Pro se* plaintiff Antonio McCladdie El filed this *in forma pauperis* action against Defendant United Airlines ("United") and its CEO, Defendant Scott Kirby. (ECF No. 1). Plaintiff's Complaint concerns his employment as an unvaccinated flight attendant with United during the COVID-19 pandemic. (ECF No. 1-2, PageID #10). On August 6, 2021, Kirby announced that all United employees would be required to receive a COVID-19 vaccine within 5 weeks of the Food and Drug Administration ("FDA") granting Emergency Use Authority ("EUA") for a vaccine, or 5 weeks after September 20, 2021, whichever came first. (*Id.* at PageID #26). The FDA granted EUA for the Pfizer vaccine on August 23, 2021. (*Id.* at PageID #27). Employees who failed to upload a copy of their vaccination card to United's employee database by the specified date would be terminated unless they received a medical or religious exemption. (*Id.*). United created an online system for employees to request religious or medical exemptions called "United's Reasonable Accommodation Process" ("RAP"). (*Id.* at PageID #28). United required all employees to request exemptions by August 31, 2021. (*Id.* at PageID #27–28). Plaintiff alleges that Defendants "wrongfully terminated Plaintiff who correctly requested religious accommodations and had the religious accommodations on file prior to the COVID-19 vaccination mandates." (*Id.* at PageID #12).

### II. LAW AND ANALYSIS

The Court addresses Defendants' objections to venue prior to Defendants' arguments in support of dismissal. *Bird v. Parsons*, 289 F.3d 865, 872–73 (6th Cir. 2002). *See, e.g.*, *Reilly v. Meffe*, 6 F. Supp. 3d 760, 764 (S.D. Ohio 2014) (following *Arrowsmith*, discussed *infra*, and addressing an objection to venue prior to addressing a motion to dismiss for failure to state a claim);

*Marshall v. George*, No. 1:19-CV-923, 2019 WL 6686704, at *2 (W.D. Mich. Nov. 15, 2019 ) (transferring a case, in which the plaintiff moved to proceed *in forma pauperis*, sua sponte to the United States District Court for the Eastern District of Michigan prior to deciding whether the complaint failed to state a claim upon which relief can be granted); *Goode v. City of Southaven*, No. 16-02029, 2017 WL 11316500, at *5 (W.D. Tenn. Mar. 30, 2017) ("A district court may not address a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted before determining that it has personal jurisdiction over the defendant.").

The Second Circuit, in *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963), explained that addressing venue first, when objections to both venue and the sufficiency of the complaint are asserted, is more equitable to the plaintiff than the alternative:

> Not only does logic compel initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim—but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice.

*Id.* Accordingly, this Court will first address Defendants' objection to venue and their request that the case be transferred to the United States District Court for the Northern District of Illinois.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action." 28 U.S.C. § 1390(a). Section 1391 governs venue for all civil actions brought in federal court. That statute provides that a civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this

3

section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). District courts have authority to transfer or dismiss cases, on motion or sua sponte, where venue is improper. 28 U.S.C. § 1406(a). The choice between dismissal and transfer falls within the sound discretion of the district court. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). A court should transfer a case "if it be in the interest of justice." 28 U.S.C. § 1406(a).

The Northern District of Ohio is not the proper venue for this case. United is a Delaware corporation with its principal place of business and corporate headquarters in Chicago, Illinois. (ECF No. 1, PageID #2–3; ECF No. 3-1, PageID #140–41; ECF No. 3-2, Dec. of Dorot A. Karpierz, PageID #154).[1] The Complaint acknowledges that Kirby is likewise domiciled in Illinois. (ECF No. 1, PageID #2). United's reasonable accommodation policies and procedures were developed and implemented in Chicago, Illinois; United's Employee Service Center, which processes and administers accommodation requests, is in Chicago, Illinois; and United's records are maintained in Illinois. (ECF No. 3-2, PageID #155–56). None of the alleged conduct complained of by Plaintiff occurred in Ohio. In fact, it appears that the only connection to Ohio is Plaintiff's residence. (ECF No. 5, PageID #161 ("The events and decisions leading to the alleged harms occurred while Plaintiff was domiciled in Ohio, making the Northern District of Ohio a district with substantial ties to the litigation")). Venue, however, is not based on Plaintiff's district of residence where there is a proper district for filing under Section 1391(b). *Simon v. Severns Valley Baptist Church, Inc.*, No. 5:21-cv-

---

[1] District courts enjoy broad discretion to determine when party convenience or the interests of justice warrant transfer. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). To the extent that the Declaration of Dorot A. Karpierz is a matter outside of the pleadings yet attached to a document styled as a motion to dismiss, this Court considers the Declaration because Defendants' place of incorporation and corporate headquarters are both referred to in the Complaint and central to Plaintiff's claims for relief against them. *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001).

00929, 2022 WL 3099225, at *5 (N.D. Ohio Aug. 3, 2022) (rejecting the plaintiff's argument that venue was proper in Ohio because her injuries caused by an internet video were felt where she resides, despite all of the Defendants being Kentucky residents and the conduct giving rise to the plaintiff's claims taking place in Kentucky); *Fenton v. Story*, No. 1:23-cv-1097, 2024 WL 277519, *2 (W.D. Mich. Jan. 25, 2024) (explaining that venue based solely on the plaintiff's residence is only proper when "a defendant is an officer or employee of the United States acting in his or her official capacity and the lawsuit does not involve real property").

The Court notes that several cases challenging United's COVID-19 policies and procedures have been filed in or transferred to the Northern District of Illinois for adjudication. *See Anderson v. United Airlines*, No. 1:23-cv-00989 (N.D. Ill. Feb. 17, 2023); *Engstrom v. United Airlines*, No. 1:23-cv-15792 (N.D. Ill) (transferred from Middle District of Florida); *Caraffa v. United Airlines*, No. 1:24-cv-01250 (N.D. Ill) (transferred from Northern District of Ohio); *Hassett v. United Airlines*, No. 1:23-cv-14592 (N.D. Ill) (transferred from Northern District of Texas); *Oka v. United Airlines*, No. 1:23-cv-15793 (N.D. Ill) (transferred from Eastern District of Kentucky). Given the operative allegations and the fact that the Northern District of Illinois is currently considering claims similar to Plaintiff's complaint filed in this district, the Court determines that justice favors transferring this action to the Northern District of Illinois. 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** as to the request for change of venue. This matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of Illinois for consideration of Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.

**Date: May 28, 2024**

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**