UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio McCladdie El, *Plaintiff*, v. United Airlines, Inc, et al. *Defendants*. | No. 24 CV 4385 Judge Lindsay C. Jenkins |

## Memorandum Opinion and Order

Plaintiff Antonio McCladdie El sued United Airlines and its CEO, Scott Kirby (collectively, "Defendants"), after he was fired for refusing to be vaccinated against COVID-19 despite requesting a religious accommodation. McCladdie El contends Defendants' conduct violated 42 U.S.C. § 1983 and two criminal statutes, 18 U.S.C. § 242 and 18 U.S.C. § 246. Defendants' have moved to dismiss the complaint in its entirety under Rule 12(b)(5) and (6), arguing that McCladdie El failed to properly serve Defendants, and that the claims fail on the merits. The Court agrees and grants the motion.

## Background

At the motion to dismiss stage, the Court takes well-pleaded factual allegations as true and draws reasonable inferences in favor of McCladdie El. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826-27 (7th Cir. 2023). The Court notes, however, McCladdie El has borrowed the lion's share of his allegations from another lawsuit—which was dismissed on the merits in April 2024—including all his allegations related to his Section 1983 claims. [Compare *e.g.*, Dkt. 1-2 ¶¶ 124-143, with *Anderson v. United Airlines, Inc.*, No. 23-cv-0989, Dkt. 1-1 ¶¶ 290-311.]

Although allegations related to McCladdie El himself are sparse, the Court is able to glean the following background facts from the complaint and exhibits[1] attached thereto: (1) he worked at United during the COVID-19 pandemic; (2) United required all employees to be vaccinated against the virus by September 20, 2021, or timely seek an accommodation; (3) McCladdie El timely sought an accommodation based on sincerely held religious beliefs in the Moorish Science Temple of America (a subset of Islam); (4) after some back-and-forth correspondence, United denied his

---

[1] A Court may consider exhibits attached to a pleading on a motion to dismiss. *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

1

accommodation; and (5) United terminated his employment after he declined to be vaccinated.[2] [Dkt. 1-2 ¶¶ 7, 31, 33, 57, 59, 65, 77; Dkts. 1-3–1-16.] McCladdie El further alleges that United's decision to impose and enforce a vaccine mandate was at the behest of the Biden administration[3], and that United was "considerably controlled by the U.S. Government" when issuing COVID-19 policies. [Dkt. 1-2 at 36-43.][4] McCladdie El contends Defendants discriminated against him based on his religion and denied him due process under 42 U.S.C. § 1983, as well as corresponding criminal statutes.

In moving to dismiss the complaint, Defendants make two primary arguments: first, that McCladdie El failed to follow the requirements of Rule 4 when serving Defendants, so dismissal is warranted under Rule 12(b)(5); and second, that his claims should be dismissed on the merits under Rule 12(b)(6) because he does not allege United acted under the color of *state* law, and the criminal statutes do not provide him with a private cause of action. The Court agrees that each argument establishes a basis for dismissal.

## Rule 12(b)(5) Motion

To properly effectuate service under Rule 4, Defendants must have received a copy of the complaint and summons either through personal service or an authorized agent. Fed. R. Civ. P 4 (see 4(e), serving an individual; 4(h), serving a corporation). "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *Chi. Heights Check Cashers, Inc. v. United States Postal Serv.*, 2018 WL 2450474, at *2 (N.D. Ill. May 31, 2018) (quoting *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001)). A plaintiff, even one proceeding *pro se*, must accomplish service within 90 days of filing the complaint. Fed. R. Civ. P 4(m); *Hurtado v. 7-Eleven, Inc.*, 508 Fed. App'x 564, 565 (7th Cir. 2013); *Faulkner v. Otto*, 2016 WL 1381795, at *2 (N.D. Ill. Apr. 5, 2016). "[W]hen a defendant challenges the sufficiency of service of process, the plaintiff must make a prima facie showing of proper service by competent proof." *Rosen v. Mystery Method, Inc.*, 2008 WL 410642, at *2 (N.D. Ill. Feb. 13, 2008).

McCladdie El has failed to meet this burden. In their motion, Defendants submit an affidavit averring that McCladdie El mailed a copy of the complaint to United without a summons, and that there is no evidence on the docket or otherwise that Plaintiff ever issued a summons. [Dkt. 21 at 4.] Plaintiff confirms this in his

---

[2] It is not entirely clear from the record when Plaintiff was terminated.
[3] To support this contention, McCladdie El alleges (as the plaintiffs did in *Anderson*) that United entered into an agreement with the U.S. Treasury Department in April 2020 whereby the Government provided grants and loans to United in exchange for United common stock. [Dkt. 1-2 ¶¶ 85-101.]
[4] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

response: "Plaintiff mailed the Complaint to United Airlines and Scott Kirby via Certified Mail, as evidenced by the Certified Mail Receipts." [Dkt. 28 at 2-3.] McCladdie El suggests the fact that he mailed the complaint to Defendants is sufficient, [*id.* at 3], but that is incorrect. *Chi. Heights Check Cashers, Inc.*, 2018 WL 2450474, at *2; *Myles v. Reighter*, 2018 WL 1542391, at *4 (N.D. Ill. Mar. 28, 2018) (rejecting argument that mailing complaint to defendant is sufficient to effectuate service and holding "the mere fact that the [defendants] became aware of the suit at some point does not excuse Plaintiff from properly serving Defendants.") By McCladdie El's own admission, he failed to properly serve Defendants, which renders dismissal appropriate. *See e.g.*, *McMasters*, 260 F.3d 814 (affirming dismissal of complaint where plaintiff failed to comply with Rule 4).

### Rule 12(b)(6) Motion

Even setting aside the service deficiencies, the Court's review of the merits of McCladdie El's claims establish they must be dismissed. "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)).

McCladdie El's allegations fall well short of meeting this standard. First, the criminal claims must be dismissed with prejudice because those statutes do not provide a private cause of action. *Akes v. PayPal Inc.*, 2022 WL 14622547, at *3 (S.D. Ill. Oct. 25, 2022) ("Akes is not entitled to relief under 18 U.S.C. §§ 241 and 246 because they are criminal statutes and provide no remedy in the civil context"); *Bey v. City of Chicago*, 2022 WL 952741, at *3 (N.D. Ill. Mar. 30, 2022) (plaintiff's attempt to bring 18 U.S.C. § 242 claim in a civil case "can be dismissed outright without further discussion because" it "is a federal *criminal* statute and confers no private right of action…") (emphasis in original); *see also Snyder v. Chi. Transit Auth.*, 2023 WL 7298943, at *5 (N.D. Ill. Nov. 6, 2023) ("Section 242 is the criminal analog to Section 1983 and cannot serve as a basis for a private lawsuit.")

The Constitutional claims brought under 42 U.S.C. § 1983, religious discrimination, denial of equal protection, and due process of law, fare no better. "To state a § 1983 claim, [the plaintiff] must sufficiently allege that [United] was acting under color of state law—that is, exercising power made possible only because [United was] clothed with the authority of state law." *Reardon v. Danley*, 74 F.4th 825, 828 (7th Cir. 2023) (cleaned up). That is, "Section 1983 addresses only *state* action." *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 697 (7th Cir. 2017) (emphasis in original). As Judge Kennelly recently explained in dismissing the complaint in

3

*Anderson*—the complaint on which McCladdie El bases his allegations in this case—"section 1983 does not apply in this case because [Plaintiff's] allegations center exclusively on the federal government, not the state." *Anderson v. United Airlines, Inc.*, 2023 WL 5721594, at *8 (N.D. Ill. Sept. 5, 2023); *Marian Cath. High Sch.*, 852 F.3d 690 at 696-97 ("Actions on behalf of the federal government might make one a federal actor …, but that would require an entirely different legal theory"); *Akbar v. Interstate Realty Mgmt. Co.*, 2022 WL 4286498, at *2 (7th Cir. 2022) ("[Section] 1983 does not reach federal actors."). Like the plaintiffs in *Anderson*, Plaintiff here alleges that United was acting under the control of the federal government. There are no allegations that Defendants were acting under the color of state law, so Plaintiff's Section 1983 claims must be dismissed, and the dismissal is with prejudice.

## Conclusion

For these reasons, Defendants' motion to dismiss is granted, and the dismissal is with prejudice as to the claims already raised in the Complaint. The dismissal is without prejudice to Plaintiff attempting to state a viable claim in a new pleading—he will be given one opportunity to amend his complaint with new legal theories because it is not certain that "any amendment would be futile." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted.") Plaintiff's filing at Dkt. 30, which is titled "first amended complaint," raises the same or substantially similar arguments as those raised by the original complaint, so any amended complaint must avoid presenting the same claims or legal theories that the Court has dismissed in this Order. Any amended complaint must be filed on the docket in this case by September 18, 2024. Failure to comply with this deadline will result in dismissal of the case.

Finally, the Court will require McCladdie El to properly serve any amended complaint on Defendants (and submit competent proof of that service) unless counsel for Defendants agree to accept service on behalf of Defendants.

Enter: 24 CV 4385
Date: September 4, 2024

_____
Lindsay C. Jenkins
United States District Judge