UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio McCladdie El,<br><br>   *Plaintiff*,<br><br>v.<br><br>United Airlines, Inc, et al.<br><br>   *Defendants*. | No. 24 CV 4385<br><br>Judge Lindsay C. Jenkins |

## Memorandum Opinion and Order

Plaintiff Antonio McCladdie El sued United Airlines ("United") and its CEO, Scott Kirby, after he was fired for refusing to be vaccinated against COVID-19 despite requesting a religious accommodation. His original complaint alleging violations of 42 U.S.C. § 1983 and two criminal statutes was dismissed, and he amended. [*See* dkt. 45.][1] His Amended Complaint asserts claims for religious discrimination and retaliation under Title VII and claims for wrongful termination under both Ohio and Illinois law. [*Id.*] Defendants moved to dismiss the Amended Complaint in its entirety. [Dkt. 50] For the reasons explained, Defendants' motion is granted in part and denied in part.

## Background

McCladdie El is a devout member of the Moorish Science Temple of America and, consistent with the organization's religious tenets, has sincerely held religious beliefs that preclude him from receiving vaccinations.[2] [Dkt. 45 at ¶1.] Prior to the COVID-19 pandemic, McCladdie El requested and received a religious accommodation from his employer, United, exempting him from medical requirements that conflicted with his religious beliefs. [*Id.* at ¶2.]

In 2021, United implemented a policy that required all employees to be vaccinated against COVID-19 by September 20, 2021. [*Id.* at ¶4.] McCladdie El requested an accommodation consistent with the prior accommodation United gave him. [*Id.* at ¶5.] However, United denied his request and terminated his employment.

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2] For United's motion to dismiss, the Court accepts as true all well-pled allegations set forth in McCladdie El's First Amended Complaint [Dkt. 45] and draws all reasonable inferences in Plaintiffs' favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

[*Id.* at ¶¶13, 21.] By denying his religious accommodation request and firing him, McCladdie El contends that United and its CEO, Scott Kirby, violated Title VII's prohibitions on religious discrimination and retaliation. [*Id.* at 4–7.] Relying on the same facts, he alleges that Defendants wrongfully terminated him under Illinois and Ohio law.

Defendants move to dismiss McCladdie El's complaint on several bases. First, they argue that his Title VII claims are time barred because he failed to file his original complaint within 90-days of his receipt of his EEOC right-to-sue letter. [Dkt. 50 at 4.] Second, with respect to McCladdie El's claim under Illinois law, Defendants assert that common law claims for civil rights violations—such as religious discrimination—are preempted by the Illinois Human Rights Act ("IHRA"). [*Id.* at 6.] Third, Defendants argue his common law claim for wrongful termination under Ohio law must be dismissed because McCladdie El had other adequate remedies. [*Id.* at 8.] Separately, Defendants argue that, at minimum, McCladdie El's claims against Kirby must be dismissed because McCladdie El's causes of action can only be brought against an employer. [*Id.* at 9.] Finally, Defendants move to strike the references in McCladdie El's complaint to their settlement offer per Federal Rule of Evidence 408. [*Id.* at 10.]

The Court addresses each argument, ultimately dismissing all McCladdie El's claims with the exception of his Title VII claims against United.

**Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject-matter jurisdiction, while a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. In both cases, the Court takes well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826–27 (7th Cir. 2023).

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)).

## Title VII Claims

Defendants move to dismiss McCladdie El's Title VII claims for religious discrimination and retaliation under Rule 12(b)(6), arguing that they are time barred.[3]

Claimants must file suit within 90 days of receiving their EEOC right-to-sue letter. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009).[4] In arguing that McCladdie El filed his suit too late, Defendants gloss over the distinction between when the EEOC *sent* the right-to-sue letter and when McCladdie El *received* it. *Id.* ("[T]he limitations period in … Title VII … begins to run … when the claimant *receives* the letter, not when it was sent …"). Defendants claim that because the EEOC issued the letter on September 14, 2023, *see* dkt. 50-1 at 2, and McCladdie El filed his complaint on January 31, 2024, his lawsuit was filed 32 days after the expiration of the 90-day statute of limitations. [Dkt. 50 at 5.][5]

---

[3] McCladdie El did not attach his right-to-sue letter to his complaint, so Defendants attached it to their motion to dismiss. [Dkt. 50-1 at 2.] The Court can consider the right-to-sue letter at the motion to dismiss stage. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012); *Davis v. Palos Health*, 2019 WL 214916, at *5 (N.D. Ill. Jan. 16, 2019) (considering the EEOC charge, explaining it "is pertinent to [Plaintiff's] complaint, and even if it was not, the EEOC charge is public record and thus subject to judicial notice").

[4] McCladdie El argues that the statute of limitations should be equitably tolled because of Defendant's failure to respond to his "notices" including "Notice of Default, Nihil Dicit, and the Notary Certificate of Default Summary Judgment." [Dkt. 53 at 2–3.] He explains that defendants "chose to remain silent" in response to those notices but "immediately responded when faced with the Complaint for Default Judgment, demonstrating a pattern of disregard for the proper legal process until the Plaintiff sought judicial recourse." [*Id.*] First, as McCladdie El seems to understand, the notices he sent [Dkts. 53-3, 53-4, 53-5, 53-6] were not legal notices from the Court. United was under no duty to respond. Second, equitable tolling of the 90-day deadline is warranted only in narrow circumstances, such as where the plaintiff was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (describing hypothetical situations where equitable tolling would be warranted). United's lack of response is not inducement which could excuse McCladdie El's responsibility to timely file his complaint. While equitable tolling may apply where a claimant "*actively* pursued his judicial remedies," *Threadgill*, 269 F.3d at 850, the "notices" McCladdie El sent to United had no legal effect. Sending those communications was not part of pursuing "judicial remedies." Therefore, they also do not support equitable tolling.

[5] McCladdie El's original complaint [Dkt. 1] did not bring Title VII claims, and he only brought those claims (governed by the 90-day statute of limitations) in his Amended Complaint [Dkt. 45] filed 278 days past the expiration of the statute of limitations. [Dkt. 50 at 5.] However, in this instance, the Title VII claims relate back, per Rule 15(c)(1)(B), to the date he filed his original complaint because the claim arises out of the same alleged conduct McCladdie El described in his first pleading.

3

There are two problems with Defendants' argument. First, because there are no allegations in either McCladdie El's complaint or in the motion to dismiss briefing about when McCladdie El received the right-to-sue letter, it's impossible to determine whether he filed suit within the 90-day statute of limitations. Although unlikely, it is possible that McCladdie El didn't receive the right-to-sue letter until 32 days after the EEOC sent it.

Second, and most importantly for resolving Defendants' motion to dismiss, the 90-day deadline is a statute of limitations and therefore an affirmative defense. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). "Complaints need not anticipate defenses; the resolution of the statute of limitations comes after the complaint stage." *Id*. Since McCladdie El's complaint does not "admit[] definitively that the applicable limitations period has expired," *id*, this issue is not quite ripe for resolution at the motion to dismiss stage. *Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 850 (7th Cir. 2015) (explaining that dismissing plaintiffs' claims at motion to dismiss stage was only permissible where the face of the complaint made clear that they filed their lawsuit too late).

Defendants' motion to dismiss McCladdie El's Title VII claims is therefore denied.

### Illinois Wrongful Termination

Defendants argue that McCladdie El's Illinois wrongful termination claim is preempted by the IHRA and therefore should be dismissed under Rule 12(b)(1). *See Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 515 (Ill. 1994) (discussing the IHRA's preemption of common law tort claims as an issue of subject matter jurisdiction); *Tate v. Wirtz Beverage Illinois, LLC*, 2016 WL 3211439, at *2 (S.D. Ill. June 9, 2016). While titled "wrongful termination," viewed in the light most favorable to McCladdie El, this claim, like his Title VII claims, is for religious discrimination and retaliation for requesting a religious accommodation. [Dkt. 45 at ¶28.]

The IHRA provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8–111(D). Where common law tort claims are "inextricably linked" with claims premised on "legal duties created by the IHRA" preemption applies. *Shamim v. Siemens Indus., Inc.*, 854 F. Supp. 2d 496, 510 (N.D. Ill. 2012).

Common law religious discrimination and retaliation claims like those McCladdie El seeks to pursue are the sort of civil rights violations that courts find "inextricably linked" with IHRA claims and preempted. *See, e.g.*, *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) ("The IHRA preempts all state law claims 'seeking redress for a "civil rights violation" within the meaning of [that] statute.'" (quoting *Geise*, 159 Ill.2d at 203); *Shamim*, 854 F. Supp. 2d at 510 ("[T]he basis for a

claim of retaliatory discharge where the plaintiff complains of discriminatory treatment are found in the policies that underlie the IHRA, and the claim is therefore preempted by the IHRA."). Because McCladdie El's common law claim is preempted by the IHRA, it must be dismissed.

## Ohio Wrongful Termination

McCladdie El brings a claim for wrongful termination under Ohio common law. In substance it is identical to his Illinois wrongful termination claim. To sustain a claim of wrongful termination under Ohio law, McCladdie El must demonstrate:

> (1) the existence of a clear public policy sufficient to justify an exception to the employment-at-will doctrine that is manifested in a state or federal constitution, statute, administrative regulation, or common law (the "clarity" element); (2) that the dismissal of employees under circumstances like those involved in his dismissal would jeopardize the public policy (the "jeopardy" element); (3) that his dismissal was motivated by conduct related to the public policy (the "causation" element); and (4) [defendant] lacked overriding legitimate business justification for the dismissal (the "overriding justification" element).

*Janezic v. Eaton Corp.*, 2013 Ohio 5436, ¶ 33 (Ohio 2013).

The "jeopardy" element is a legal question. *Wiles v. Medina Auto Parts*, 2002-Ohio-3994, ¶11 (Ohio 2002). Where there is already a "statutory remedy that adequately protects society's interests" then "there is no need to recognize a common-law action for wrongful discharge." *Id.* at ¶15. Put another way, no public policy would be jeopardized "by the absence of a common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct." *Id.*

Contrary to McCladdie El's contention, Title VII and the Ohio Revised Code Chapter 4112 are sufficient alternative means to vindicate claims of employment discrimination based on religion. *Carrasco v. NOAMTC Inc.*, 124 F. App'x 297, 304 (6th Cir. 2004); *Kaltenmark v. K-Mart, Inc.*, 2005 WL 2406147, at *7 (N.D. Ohio Sept. 29, 2005) (concluding that plaintiff could not maintain a common-law public policy claim based on the policy set forth in Title VII because the jeopardy element would not be met); *Day v. Nat'l Elec. Contractors Ass'n*, 82 F. Supp. 3d 704, 708 (S.D. Ohio 2014) (applying same reasoning to ADA context); *Stange v. Deloitte & Touche*, 2006 WL 871242, at *3 (S.D. Ohio Apr. 5, 2006) (collecting cases holding that "the broad scope of remedies available under Title VII and Ohio Revised Code [] adequately

protects against discrimination and unlawful retaliation").[6] Therefore, McCladdie El's claim under Ohio law must be dismissed for failure to state a claim.

### Claims against Defendant Kirby

McCladdie El brings his federal and state law claims for employment discrimination against both United and Kirby. Defendants move to dismiss the claims against Kirby, arguing that McCladdie El's claims can only be brought against his employer, which he admits was United. [Dkt. 45 at ¶1 ("Plaintiff was formerly employed by United Airlines.").]

That is true. *Carver v. Sheriff of LaSalle Cnty.*, 243 F.3d 379, 381 (7th Cir. 2001) (citing *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995) and explaining that Title VII claims can only be made against an employer as an entity, not a natural person); *Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 569 (Ill. 1998) (explaining that for wrongful discharge claims under Illinois law "it is the employer who is rightly held liable for damages" because "only the employer has the power to hire or fire an employee" (internal quotation marks omitted)); *Doody v. Centerior Energy Corp.*, 739 N.E.2d 851, 856 (Ohio 2000) (same under Ohio law). Even if McCladdie El's complaint included any allegations about wrongful actions taken by Kirby [Dkt. 45 at ¶2]—it does not—Kirby cannot be held liable for any of McCladdie El's claims. Therefore, Defendants' motion to dismiss all claims against Kirby is granted.

### Motions to Strike

In several places in McCladdie El's complaint, he references United's attempt to settle his case by offering him reinstatement and argues that the offer of reinstatement is an admission of wrongdoing. [*See* dkt. 45 at 2, 4.] He also copied and pasted into his complaint an email from United's counsel conveying the substance of the settlement offer. [*Id.* at 6.]

Defendants move to strike these allegations under Federal Rule of Civil Procedure 12(f). Rule 12(f) permits the court to "strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." While Defendants make a passing reference to the "unduly prejudicial" nature of this material, their argument is that references to their settlement offer (and McCladdie El's argument that their offer constitutes an admission of wrongdoing) violates Federal Rule of Evidence 408. [Dkt. 50 at 11.]

---

[6] Because the inquiry looks at available remedies at the time plaintiff's claim accrued, it is irrelevant that his Title VII claims may be time-barred. *See Leininger v. Pioneer Natl. Latex*, 2007 Ohio 4921, ¶31 n.4 (2007) (explaining that "[i]n determining whether a common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination should be recognized, [courts] look at all the remedies available … at the time the claim accrued" even if those remedies are time-bared by the time plaintiff filed their complaint).

Courts in this district have come to differing conclusions when motions to strike material from complaints are premised on Rule 408 concerns. *Compare Christopher Glass & Aluminum, Inc. v. O'Keefe*, 2017 WL 2834536, at *5 (N.D. Ill. June 30, 2017) (collecting cases where courts struck references to settlement offers) *and Fid. Nat. Title Co. v. L. Title Ins. Co.*, 2005 WL 1126899, at *7 (N.D. Ill. May 3, 2005) (striking exhibit and paragraphs from complaint finding them inadmissible under Rule 408) *with Vassar v. Nat'l Collegiate Athletic Ass'n*, 2017 WL 11884692, at *1 (N.D. Ill. Sept. 30, 2017) (denying motion to strike explaining that Rule 408 does not apply to allegations in a complaint) *and Williams v. Vill. of Hazel Crest*, 2023 WL 3981302, at *5 (N.D. Ill. June 13, 2023) (same).

This Court joins those that find Rule 408 inapplicable to motions to strike material from complaints. Rule 408 is an evidentiary rule, but McCladdie's complaint is not evidence, only allegations.

Courts that reach the contrary conclusion often face circumstances where denying the motion to strike would work against the purpose of Rule 408. For example, the court in *Trading Technologies International, Inc. v. BCG Partners, Inc.* faced a situation where the plaintiff, in support of their indirect infringement claim, relied upon prior settlement negotiations with defendants to allege that defendants were aware of plaintiff's patents. 2011 WL 3946581, at *1 (N.D. Ill. Sept. 2, 2011). Reasoning that a strike was warranted, the court emphasized that the issue of defendants' knowledge of plaintiff's patents was "hotly disputed." *Id.* at *2. Because the settlement communication went to a key merits issue in the litigation, permitting reference to the settlement discussions would work against the purpose of Rule 408. *Id.* It would encourage "patent holders [to] … lure suspected infringers into settlement negotiations, only to turn around and use those negotiations to level additional indirect infringement claims." *Id.*

Similar risks are absent from this case. United's settlement offer of reinstatement has no bearing on the merits of McCladdie El's claim. Contrary to his allegations in his complaint, even if there was no lurking Rule 408 admissibility issue, the settlement offer is not evidence of an admission of wrongdoing. [Dkt. 45 at 2.]

While the settlement offer and McCladdie El's corresponding allegations are irrelevant to his claims, Rule 408 does not provide a basis to strike them at this stage of litigation. *PTR, Inc. v. Forsythe Racing, Inc.*, 2009 WL 1606970, at *4 (N.D. Ill. June 9, 2009). Should McCladdie El attempt to introduce the settlement offer as evidence at a later point, Defendants are free to renew this argument.

## Conclusion

Except for McCladdie El's Title VII claims against United, the remainder of his claims are dismissed with prejudice, as he has already had an opportunity to amend

7

his complaint. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015).

      In most cases, the next step in litigation is for parties to engage in discovery on any remaining claims. Here, there is a substantial barrier to McCladdie El's successful prosecution of his Title VII claims—the statute of limitations issue. The Court believes it most efficient for the parties to engage in abbreviated and narrow discovery on this issue first, before conducting discovery on the merits of the Title VII claims. To that end, the Court will, by separate order, permit a short window for fact discovery on the statute of limitations issue and set a briefing schedule for consideration of whether McCladdie El filed his lawsuit within 90-days of his receipt of the EEOC right-to-sue letter.

Enter: 24 CV 4385
Date: January 8, 2025

_____
Lindsay C. Jenkins
United States District Judge