UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio McCladdie El, *Plaintiff*, v. United Airlines, Inc., *Defendant*. | No. 24 CV 4385 Judge Lindsay C. Jenkins |

## Memorandum Opinion and Order

McCladdie El's motion for clarification [dkt. 78] is granted in part and denied in part. The court previously granted McCladdie El's prior motion for clarification made on similar grounds [dkt. 74], providing additional context aimed at helping McCladdie El, who is *pro se*, understand the status of his lawsuit. McCladdie El maintains that some of his questions remain unanswered so the court again attempts to answer them. [Dkt. 78 at 2.] However, McCladdie El's requests for relief are denied.

First, McCladdie El claims that United should not be permitted to file dispositive motions including a partial motion for summary judgment given its lack of responsiveness to McCladdie El's communications before filing suit. [*Id.*] As the court previously explained, McCladdie El's pre-litigation notices were not legal notices from a court and, therefore, United had no obligation to respond prior to being served with McCladdie El's complaint. [*See* dkt. 74; dkt. 64 at 3 n.4.] McCladdie El's constitutional rights, including what he refers to as a "right to procedural fairness," were not prejudiced by United's disinterest in resolving McCladdie El's claims pre-suit. [Dkt. 78 at 2.] His constitutional rights were also not prejudiced by the Court permitting United to file dispositive motions.[1]

Second, McCladdie El argues that he should not have to engage in summary judgment briefing prior to the completion of all discovery. "District judges have wide discretion to manage their proceedings." *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 889 (7th Cir. 2024) (citation and internal quotation marks omitted). The "mere fact that discovery is incomplete is not enough to prevent summary judgment." *Alicea v. County of Cook*, 88 F.4th 1209, 1218-1219 (7th Cir. 2023) (citing *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019); *cf. Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) ("A district court's decision to consider a defendant's motion for summary judgment before allowing the plaintiff to depose certain

---

[1] The court interprets McCladdie El's argument with respect to a "judicial enforcement imbalance" [*id.*] as related to this same issue. The court's answer applies to both questions.

1

witness[es] is a discovery matter which we review for abuse of discretion.") And "limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment." *Oliver v. Franks*, 2005 WL 2989310, at *2 (E.D. Wis. Nov. 7, 2005) (collecting cases). That is particularly true where the threshold issue is "[e]xhaustion of administrative remedies" which "is a condition precedent to suit." *Id.*

In this case, as previously explained, there is a substantial barrier to McCladdie El's successful prosecution of his claims: whether he timely filed suit after receipt of his EEOC right-to-sue letter. If he did not, his case must be dismissed without consideration of its merits. Given that, permitting discovery on the merits of his claims would be contrary to the court's interest in efficiently managing its docket. However, if in resolving United's partial summary judgment motion the court finds factual issues prevent it from determining the timeliness of McCladdie El's suit, *see, e.g., Malozienc v. Pacific Rail Services*, 606 F. Supp. 2d 837, 880 (N.D. Ill. 2009), the court will permit complete discovery on the merits of his claims.

Third, McCladdie El again invokes his right to a jury trial, taking issue with the "court's apparent bypass of jury trial by prematurely shifting to summary judgment." [Dkt. 78 at 2-3.] The court directs McCladdie El to its response to this question at docket 74. Should any issues of fact remain following resolution of United's partial motion for summary judgment (or, if discovery eventually occurs on the merits of McCladdie El's Title VII claims), McCladdie El is entitled to a jury trial on those issues.

For the reasons explained, McCladdie El's requests for relief related to his motion for clarification are denied. The court will resolve United's partial motion for summary judgment on the exhaustion issue promptly so, if issues of fact remain, the parties will engage in full discovery on the merits of McCladdie El's claims.

Before concluding on this issue, the court notes that what McCladdie El calls a motion for clarification is actually a motion for reconsideration of the court's prior rulings. He isn't asking for help understanding the court's rulings; he is asking the court to, among other things, permit complete discovery on the merits of his claims, prohibit United from filing dispositive motions, and convene a jury to resolve his claims. That's a motion for reconsideration. "Motions for reconsideration will be granted only where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Clay Fin. LLC v. Mandell*, 2022 WL 18159332, at *2 (N.D. Ill. Sept. 16, 2022) (cleaned up). It cannot be used as a "medium to 'rehash' past arguments," which is how McCladdie El is using it now. *Id.* In the future, McCladdie El should only file a motion for reconsideration where he is able to identify "a valid basis for reconsideration." *Id.* at *3.

* * * * * *

2

McCladdie El has also filed a motion to strike or exclude [dkt. 79]. That motion relates to two partially redacted documents United submitted with its motion for summary judgment. [Dkts. 76-4 and 76-6.] McCladdie El argues that the documents contain "material redactions" that prevent him from evaluating "the full content, context, and reliability of the documents," and the "omissions deny Plaintiff due process and materially prejudice Plaintiff's ability to oppose summary judgment." [Dkt. 79 at 2-3.] According to McCladdie El, United should have sought a protective order rather than "unilaterally and improperly" making redactions to the documents. [*Id.*]

The documents at issue were obtained by United from the EEOC through a Freedom of Information Act request United issued during fact discovery on the question of whether McCladdie El filed his lawsuit within 90-days of his receipt of the EEOC right-to-sue letter. [Dkt. 82-1, at ¶ 4.] United requested a copy of McCladdie El's EEOC Charge File. [*Id.*] As explained in United's response brief,[2] the documents received in response to the FOIA request were redacted by the EEOC using 5 U.S.C. § 552(b), a practice that is required by statute.[3] [Dkt. 82 at 5-6.] Specifically, EEOC officials redacted McCladdie El's email address, analysis and recommendations made by EEOC personnel, and documents containing mediation information as described in § 552(b). [*Id.* at 6.]

The motion to strike or exclude is denied. Based on the declaration submitted by United, the court is satisfied that United received the documents with redactions imposed *by the EEOC* under § 552(b). The bases for the EEOC's redactions were explained in the EEOC's March 3, 2025 FOIA Determination Letter, a subject over which United had no influence or control. [Dkt. 82-1 at 8-13.] United produced a copy of the Determination Letter along with the Charge File to McCladdie El on May 7, 2025, before the motion for summary judgment was filed. [Dkt. 82-1, at ¶ 6; page 15.]

---

[2] McCladdie El objects to the court allowing United to file a response to his motions, *see* dkt. 81, stating that "Plaintiff's Motion for Clarification requested the Court to interpret its own orders—not opposing counsel. Delegating that function to the Defendant violates the most fundamental principle of judicial duty." [*Id* at 2.] He also objects to the court's directive that he could not file a reply brief. Lawsuits are adversarial; there is nothing improper or even unusual about permitting an opponent to file a response stating its position on matters raised by a request to clarify. Regarding any reply, McCladdie El has been provided more than one meaningful opportunity to be heard on the matters raised by the current motions and by his prior motion for clarification, which raises substantially the same issues as those discussed above. A reply is unnecessary.

[3] FOIA requires government agencies to disclose their records to the public. 5 U.S.C. § 552(a). However, subsection (b) exempts nine categories of material "that represent the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses. *Appleton Papers, Inc. v. EPA*, 702 F.3d 1018, 1024–25 (7th Cir. 2012) (quoting *FTC v. Grolier Inc.*, 462 U.S. 19, 23 (1983)).

  Lastly, the court does not agree that the redactions deny McCladdie El "due process and materially prejudice" him or his ability to oppose summary judgment. [Dkt. 79 at 2.] By all accounts, the Charge File produced by the EEOC satisfies the requirements for authenticity within the meaning of Federal Rule of Evidence 901(a). McCladdie El fails to articulate how any of the redactions—of his email address, the EEOC's internal deliberations, and mediation efforts—bear on the issue at hand: whether his Title VII lawsuit was timely filed upon receipt of a right-to-sue letter. There is no basis for striking or excluding the documents, so the motion is denied.

Enter: 24 CV 4385
Date: June 12, 2025

                  _____
                  Lindsay C. Jenkins