UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio McCladdie El, *Plaintiff*, v. United Airlines, Inc., *Defendant*. | No. 24 CV 4385 Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Antonio McCladdie El filed suit against United Airlines on January 31, 2024, after he was fired for refusing to be vaccinated against COVID-19 despite requesting a religious accommodation.[1] With respect to his Title VII claims, the only ones remaining in his First Amended Complaint [dkt. 45], the court directed the parties to engage in targeted discovery aimed at determining whether McCladdie El filed his original complaint within 90 days of his receipt of his EEOC right to sue letter [dkt. 64].[2] After discovery concluded, United filed a motion for summary judgment on that issue. The court grants United's motion.

I. **Local Rule 56.1**

"On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material

---

[1] McCladdie El originally filed suit in the Northern District of Ohio against both United and its CEO, Scott Kirby, asserting violations of 42 U.S.C. § 1983 and two criminal statutes. [Dkt. 1 at 1.] Defendants filed a motion to transfer venue, [dkt. 3] which was granted, [dkt. 7]. Subsequently, Defendants filed a motion to dismiss [dkt. 20] which the court granted [dkt. 38]. McCladdie El filed an amended complaint, this time asserting claims under Title VII as well as state law [dkt. 45]. Defendants again moved to dismiss [dkt 49] and the court granted that motion in part and denied it in part. [Dkt. 64] Specifically, it dismissed all claims against Kirby and dismissed the state law claims against United, but it denied the motion as to the Title VII claim, permitting limited discovery to determine the timeliness of that claim. This order resolves that question.

[2] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3).

Any party, including a pro se litigant, who fails to comply with Local Rule 56.1 does so at their own peril. *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though employee was pro se litigant"); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even pro se litigants must follow procedural rules"); *Parker v. Fern*, 2024 WL 1116092, at *2 (N.D. Ill. Mar. 14, 2024) ("It is well-settled that a plaintiff's pro se status does not excuse him from complying with federal and local procedural rules.").

Here, United filed a Rule 56.1 statement and, as required by Rule 56.2, served McCladdie El with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment." [Dkts. 76, 85.] The Notice explains what a motion for summary judgment is and what steps McCladdie El needed to take to respond to the motion.

Notwithstanding the instructions in the Rule 56.2 notice, McCladdie El failed to respond to Defendants' statement of material facts. Consequently, the court deems them admitted to the extent they are supported by evidence in the record. L.R. 56.1(e)(3); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Sims v. Trinity Servs., Inc.*, 2014 WL 2922817, at *2 (N.D. Ill. June 26, 2014) (applying principle with *pro se* litigant).

McCladdie El did, however, file a statement of additional material facts [dkt. 88-2] to which United responded [dkt. 90]. Local Rule 56.1 requires litigants, including *pro se* litigants, to cite evidence to support statements of fact. L.R. 56.1(3)(c). *Sims*, 2014 WL 2922817, at *1 (explaining pro se litigants "are not excused from compliance with procedural rules" such as "local rules designed to promote the clarity of summary judgment filings" (citation and internal quotation marks omitted)); *Harris v. Cnty. of Cook*, 2022 WL 425716, at *10 fn.9 (N.D. Ill. Feb. 11, 2022) (affirming obligation to include citations to evidence to support statements of fact). While McCladdie El's statement of additional facts references an "Exhibit A," no exhibit was attached. McCladdie El seems to rely instead on his own unsworn assertions in his memorandum, [*see* dkt. 88-1]. That is insufficient at this stage.

## II.  Background

After the court ordered the parties to engage in limited discovery, United submitted a FOIA request to obtain the EEOC's investigative file for McCladdie El's charge of discrimination. [Dkt. 76, ¶ 10.] United received the file and produced it to McCladdie El. [*Id.*]

McCladdie El filed a charge of discrimination with the EEOC on February 7, 2022. [*Id.* ¶ 9.] Between May 2023 and September 13, 2023, McCladdie El contacted individuals at the EEOC to request his right to sue letter five times. [*Id.*, ¶ 11.] On

September 14, 2023, the day after McCladdie El's final request, the EEOC dismissed his charge of discrimination and issued the right to sue letter. [*Id.*, ¶ 12.] The letter emphasized that McCladdie El's lawsuit had to be "**filed WITHIN 90 DAYS of [his] receipt of this notice**." [*Id.*]

Included in the response to United's FOIA request was the EEOC's activity log for McCladdie El's charge of discrimination. The log documents activity on the EEOC's portal and indicates that on September 14, 2023, both McCladdie El's request for his right to sue letter and the right to sue letter itself were uploaded. [*Id.*, ¶ 13.] The log also reflects that the EEOC emailed McCladdie El the same day, letting him know "a new document [was] available to download." [*Id.*, ¶ 14.] The log shows that McCladdie El downloaded his right to sue letter on September 14, 2023. [*Id.*, ¶ 15.]

The right to sue letter includes information on how to make a FOIA request for the charge file and provides a link to a webpage with more information. [*Id.*, ¶ 17.] The webpage explains that the EEOC will not issue charge file records until its investigation is complete. [*Id.*, ¶ 18.] The charge file in McCladdie El's case reflects that he made a FOIA request on October 20, 2023. [*Id.*, ¶ 19.]

United served McCladdie El with several discovery requests asking him to admit that on September 14, 2023, he accessed the EEOC portal, retrieved the right to sue letter, and, on the same date, received the right to sue letter. [*Id.*, ¶¶ 25–26.] After some back and forth, McCladdie El responded: "N/A, lack of knowledge Plaintiff cannot admit he accessed the EEOC Right To Sue Letter because Plaintiff's computer and email were compromised (hacked), and as a result, Plaintiff does not recall having access to the EEOC Notice of Right to Sue Letter until late October 2023." [*Id.*, ¶ 33.]

Without citing to supporting evidence, McCladdie El claims that he "accessed and downloaded his EEOC Right-to-Sue letter via the EEOC portal" on September 14, 2023, but that due to a computer crash on the same day, he "was unable to retrieve or review the EEOC letter until approximately two weeks later, after the computer was repaired." [Dkt. 88-2, ¶¶ 1–3.]

### III.  Analysis

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

3

By not responding to United's statement of facts in accordance with Local Rule 56.1(b), McCladdie El has not properly refuted United's claim that he downloaded his right to sue letter on September 14, 2023. [Dkt. 76, ¶ 15.] Indeed, he does not dispute that point. He admits that he downloaded the letter but claims that because of a computer crash, he was unable to review it "until approximately two weeks later." [Dkt. 88-2, ¶¶ 1–3.] McCladdie El has not presented any evidence of his technical problems, however. [*Id.*, ¶ 3.]

The Seventh Circuit held, and recently reaffirmed, that where there is a lag between when a plaintiff receives the EEOC email alerting him about the right to sue letter and when plaintiff opens the right to sue letter, the 90-day time clock begins when plaintiff received the notice. *Kinder v. Marion Cnty. Prosecutor's Off.*, 132 F.4th 1005, 1008 (7th Cir. 2025) (citing *Lax v. Mayorkas*, 20 F.4th 1178, 1183 (7th Cir. 2021)). It is "irrelevant that the plaintiff was unable—rather than simply unwilling—to read the notice on the day he received it." 132 F.4th at 1008 (citation and internal quotation marks omitted). *Lax* "start[s] the countdown–at a minimum–when [the plaintiff] had notice of the agency's final decision." *Id.* at 1009.

McCladdie El's arguments mirror Lax's and are insufficient for the same reasons. He admits to "access[ing] and download[ing] his EEOC Right-to-sue letter" on September 14, 2023. [Dkt. 88-2, ¶ 1.] Per *Lax* and *Kinder*, it is immaterial that he was unable to open or review the file. McCladdie El had 90 days, or until December 13, 2023 to timely imitate his lawsuit, but he did not file his complaint in this case until January 31, 2024, so the suit is untimely. [Dkt. 1.]

Even if the court worked from the date McCladdie El opened the right to sue letter, his complaint was still filed too late. In his response to United's requests for admissions, McCladdie El admitted that he could not recall having access to the letter until late October 2023. [Dkt. 76, ¶ 33.] In his statement of facts, McCladdie El's timeline shifts: he claims he wasn't able to review the right to sue letter until "approximately two weeks" after September 14, 2025. [Dkt. 88-2, ¶ 3.] Giving McCladdie El every benefit of the doubt, and assuming he wasn't able to review his right to sue letter until October 31, 2023, he still filed his complaint a few days too late. In that scenario, his complaint would have been due Monday, January 29, 2024, and McCladdie El filed suit on Wednesday, January 31, 2024.

The 90 day "time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Johnson v. Spiegel, Inc.*, 2002 WL 1880137, at *2 (N.D. Ill. Aug. 15, 2002) (citing *Davis v. Browner*, 113 F.Supp.2d 1223, 1225 (N.D. Ill. 2000)); *Lax*, 20 F.4th at 1183 (affirming dismissal of complaint where plaintiff filed his suit on the ninety-first day after receipt of the right to sue letter). Even that short delay makes McCladdie El's lawsuit untimely.

4

Perhaps recognizing that roadblock, McCladdie El renews the equitable tolling argument he made in opposition to United's motion to dismiss, now suggesting it should be applied in light of his technological issues. [Dkt. 88-1 at 2–3.] As the court explained, equitable tolling of the 90-day deadline is warranted only in narrow circumstances, such as where the plaintiff makes 'a good faith error ... or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Courts "have allowed equitable tolling where the claimant has *actively* pursued his judicial remedies ... or has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (citation and internal quotation marks omitted). It may also apply where the Commission fails to give the claimant adequate notice. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citing *Gates v. Georgia-Pac. Corp.*, 492 F.2d 292, 295 (9th Cir. 1974) (discussing application of equitable tolling where Commission's notice letter was insufficient per its own regulations and resulted in the Appellee filing her lawsuit too late)).

Equitable tolling is not appropriate in this case. McCladdie El admits that his technological impediments had resolved, at the latest, by October 31, 2023. [Dkt. 76, ¶ 33.] At that point, McCladdie El knew of his obligation to file suit quickly; the right to sue letter itself made that point clear; EEOC personnel had separately emphasized the 90-day filing deadline in emails with McCladdie El. [Dkt. 76-4 at 5.] He had months to prepare and file his complaint after regaining computer access. This is not a situation where McCladdie El suffered documented technological impediments days before his filing deadline that made filing his already drafted complaint impossible. His alleged computer issue surfaced and dissipated, leaving plenty of time for him to proceed with diligence and timely file his complaint.

The Seventh Circuit considered equitable tolling in *Lax*. There, technological issues caused a one-day delay between when Lax received an email informing him of the agency's final action in his case and when he was able to review his right to sue letter. 20 F.4th at 1182. The Court held equitable tolling was inappropriate. *Id.* at 1183. Lax made "no effort to clarify the actual date of receipt" of the right to sue letter with the EEOC and then "wait[ed] to file until" the last moment; the Court concluded that such actions "can hardly be described as the exercise of due diligence in preserving ... legal rights." *Id.* (cleaned up). *Reed v. PF of Milwaukee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021) ("It is a litigant's responsibility to act diligently throughout a period of limitations, in order to avoid the risk that a clerical error will eat up the last few days or weeks.") Similarly, here, McCladdie El could have elected to file a few days before he believed his 90-day deadline expired. He did not.

This case, like *Lax*, is characterized by miscalculated filing deadlines, not technological issues. But "mistakes or miscalculations" of that sort "do not satisfy the extraordinary circumstances element for equitable tolling." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017). Consequently, equitable tolling is

5

inapplicable.[3] McCladdie El filed his complaint too late, whether the court uses the date he received the right to sue letter or the date McCladdie El admits to opening that letter.

### IV.     Conclusion

It is regrettable that McCladdie El was unable to file his case within the 90-day deadline. The court prefers to decide cases on the merits when possible. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (per curiam). Nevertheless, Congress has provided procedural rules governing federal employment discrimination cases, and United is entitled to enforce those rules. The court grants the motion for summary judgment and dismisses the case with prejudice as time-barred.

Enter: No. 24 CV 4385
Date: July 24, 2025

_____
Lindsay C. Jenkins

---

[3] McCladdie El renews his related argument that it is unfair to decline to apply equitable tolling in his favor because the court permitted United to respond to McCladdie El's motion to strike late, in violation of local rules. [Dkt. 88-1 at 3.] The court has addressed this issue numerous times, [dkt. 64, 66], and declines to do so again. Suffice it to say, United received no leniency with respect to deadlines; its motion to strike, as well as McCladdie El's, were both dismissed as moot in light of the court's other rulings. The court did not consider the merits of either. United received no benefit denied to McCladdie El.